WISWALL ET AL. *v.* CAMPBELL ET AL., ASSIGNEES.

This court has no jurisdiction to review a judgment of the Circuit Court, rendered in a proceeding upon an appeal from an order of the District Court, rejecting the claim of a supposed creditor against the estate of a bankrupt.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the Northern District of Illinois.

*Mr. Lawrence Proudfoot* in support of the motion.

*Mr. John H. Thompson* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This writ of error brings here a record of the Circuit Court

for the Northern District of Illinois, in a proceeding upon an appeal taken under sect. 4984, Rev. Stat., from an order of the District Court rejecting a claim presented by a supposed creditor against the estate of a bankrupt. A motion is now made to dismiss, upon the ground that judgments of the circuit courts in such cases are not reviewable here upon error.

By sect. 691, Rev. Stat., "all final judgments of any circuit court . . . in civil actions, brought there by original process, or . . . removed there from any district court by appeal or writ of error, where the matter in dispute, exclusive of costs, exceeds the sum or value of $2,000 [now $5,000], may be re-examined, and reversed or affirmed in the Supreme Court upon a writ of error."

If we have jurisdiction of this case, it is by virtue of this statute.

The cases are numerous in which it has been decided that we cannot review the action of the circuit courts in the exercise of their supervisory jurisdiction under the bankrupt law. *Morgan* v. *Thornhill*, 11 Wall. 74; *Hall* v. *Allen*, 12 id. 454; *Mead* v. *Thompson*, 15 id. 638; *Marshall* v. *Knox*, 16 id. 555; *Coit* v. *Robinson*, 19 id. 274; *Stickney* v. *Wilt*, 23 id. 150; *Sandusky* v. *National Bank*, id. 293. The principle upon which these decisions rests is, that a proceeding in bankruptcy, from its commencement to its close upon the final settlement of the estate, is but one suit. The several motions made and acts done in the bankrupt court in the progress of the cause are not distinct suits at law or in equity, but parts of one suit in bankruptcy, from which they cannot be separated. As our jurisdiction extends only to a re-examination of final judgments or decrees in suits at law or in equity, it follows that we have no control over judgments and orders made by the courts below in mere bankruptcy proceedings.

The circuit and district courts have concurrent jurisdiction of "all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by any such person against an assignee touching any property or rights of the bankrupt transferable to or vested in such assignee" (Rev. Stat. sect. 4979); but such suits, when prosecuted, are no part of the bankruptcy proceeding. They are in

aid of such a proceeding, but, while progressing, are entirely separate from and independent of it. They are used by the bankrupt court to settle the rights of parties who are not subject to its jurisdiction in the suit in bankruptcy, and who, therefore, cannot be affected by any judgment or decree that may be made in that cause. Appeals and writs of error to this court in such suits are allowed, and these are the appeals and writs of error referred to in sect. 4989.

The question, then, to be determined in this case is, whether proceedings by creditors to prove their demands against the estate of a bankrupt are part of the suit in bankruptcy, or separate and independent suits at law or in equity.

To entitle a creditor to have his demand allowed, he must verify it in the manner provided by sect. 5077; and, when so verified, it must be delivered to the register having charge of the case. Sect. 5079. If the proof is satisfactory to the register, he is required to deliver it to the assignee, who must examine and compare it with the books and accounts of the bankrupt. It is the duty of the assignee, also, to register, in a book to be kept by him for that purpose, the names of the creditors who have proved their claims, in the order in which the proof is received, stating the time of the receipt of the proof, and the nature and amount of the debts. This book is open to the inspection of all creditors. Sect. 5080. The court may, on the application of the assignee, or of any creditor, or of the bankrupt, or without any application, examine upon oath the bankrupt or any person tendering or who has made proof of a claim, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or when the proof shows the claim to be founded in fraud, illegality, or mistake. Sect. 5081. The court must allow all debts duly proved, and cause a list thereof to be made and certified to one of the registers. Sect. 5085.

So far, clearly a proceeding to prove a debt is part of the suit in bankruptcy. It has none of the qualities of an independent suit at law or in equity. By sect. 4980, any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the

decision of the District Court to the Circuit Court of the same district. Such appeal (sect. 4982) must be entered at the term of the Circuit Court which shall be held within the district next after the expiration of ten days from the time of claiming the same, and, on entering it (sect. 4984), the supposed creditor must file in the clerk's office of the Circuit Court " a statement in writing of his claim, setting forth the same, substantially, as in a declaration for the same cause of action at law, and the assignee shall plead or answer thereto in the like manner, and like proceeding shall thereupon be had in the pleadings, trial, and determination of the cause, as in actions at law commenced and prosecuted in the usual manner in the courts of the United States, except that no execution shall be awarded against the assignee." The final judgment of the Circuit Court rendered upon the appeal is, by sect. 4985, made conclusive, and the list of debts must, if necessary, be altered to conform thereto. Even under the operation of these provisions of the statute the proceeding originally commenced as part of the bankruptcy suit is not, as we think, separated from it, and converted into a suit at law. The form of the proceeding in the Appellate Court must conform to that of a suit at law; but that does not make the proceeding itself such a suit, any more than a proceeding in the Circuit Court under its supervisory jurisdiction is a suit in equity, because, by sect. 4986, it is provided that it shall be heard and determined " as in a court of equity."

Congress, in enacting the bankrupt law, had apparently in view, (1) the discharge, under some circumstances, of an honest debtor from legal liability for debts he could not pay; and (2) an early *pro rata* distribution, according to equity, of his available assets among his several creditors. Prompt action is everywhere required by law. In *Bailey* v. *Glover*, 21 Wall. 346, we said, speaking through Mr. Justice Miller, that " it is obviously one of the purposes of the bankrupt law that there should be a speedy distribution of the bankrupt's assets. This is only second in importance to securing equality of distribution. The act is filled with provisions for quick and summary disposal of questions arising in the progress of the case, without regard to usual modes of trial attended by some necessary

delay." The list of debts " entitled to share in the bankrupt's property " (sect. 5091) is an important element in the settlement of the estate. Without it there can be no dividend. Hence the necessity for as " quick and summary " a disposal of the questions arising under this part of the case as is consistent with a reasonable protection of the rights of the parties in interest. Every person submitting himself to the jurisdiction of the bankrupt court in the progress of the cause, for the purpose of having his rights in the estate determined, makes himself a party to the suit, and is bound by what is judicially determined in the legitimate course of the proceeding. A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences. His remedies for the purpose of this proof are prescribed by the law. As has been seen, he must first submit his case to the register. It is then examined by the assignee, who must record it in a book open to the inspection of creditors. An opportunity is then given to parties in interest to call upon the District Court to take further testimony, and pass upon the claim. That court must then decide, and from its decision an appeal may be taken to the Circuit Court, where further litigation may be had ; but when that court acts, all parties are concluded. The judgment of that tribunal is final. From it no appeal lies. There is no more hardship in this than in holding that the action of the Circuit Court, under the supervisory jurisdiction provided for in sect. 4986, is conclusive, and not subject to re-examination here.

This is in accordance with the views expressed by Mr. Justice Clifford, when he delivered the opinion of the court in *Morgan* v. *Thornhill*, 11 Wall. 65. As, however, the question was not then directly presented for adjudication, the same learned justice subsequently saw fit, in *Coit* v. *Robinson*, 19 Wall. 284, to leave it open for further consideration. Now, however, when the question is fairly presented, and after it has been fully argued, we are clearly of the opinion that what was thus said in *Morgan* v. *Thornhill* was correct, and that we have no jurisdiction upon error in this class of cases.

*Dismissed for want of jurisdiction.*