## EX PARTE WOOLLEN.

The Circuit Court was authorized to dismiss an appeal thereto, which, at a term thereof then holding, was not entered therein within ten days after it had been taken from a decision of the District Court sitting in bankruptcy.

PETITION for a writ of *mandamus*.

The facts are stated in the opinion of the court.

*Mr. Philip Phillips, Mr. Joseph E. McDonald,* and *Mr. John M. Butler* in support of the petition.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The petition in this case shows that a claim against a bankrupt estate was rejected by the District Court for the District of Indiana on the 19th of December, 1879, and that on the same day the creditor took an appeal to the Circuit Court under sect. 4980 of the Revised Statutes.   When the appeal was taken the Circuit Court was in session.   The term began on the first Tuesday of the preceding November, and continued without a final adjournment until late in April, 1880.   The next

term did not begin until the first Tuesday in May. On the 28th of March the assignee moved the Circuit Court to dismiss the appeal because it had not been entered in that court. This motion was resisted by the creditor on the ground that he had until the next term to enter the case. The court, after hearing, granted the motion, and we are now asked to require, by *mandamus*, a reinstatement of the appeal.

Many objections are made to this application, but as it is conceded that if the question which lies at the foundation of the whole proceeding is decided adversely to the petitioners the writ must be denied, we pass everything else by and proceed at once to the consideration of that question, which is, whether, under the law, the creditor had until the May Term, 1880, to enter his appeal in the Circuit Court.

The eighth section of the original bankrupt law of March 2, 1867, c. 176, required the appeal to " be entered at the term of the Circuit Court which shall be first held within and for the district next after the expiration of ten days from the time of claiming the same." 14 Stat. 520. The tenth section provided (id. p. 521) that the justices of this court should, subject to the provisions of the act, frame " general orders," among other things, " for regulating the practice and procedure upon appeals." Under this authority, the justices could not by their orders alter or amend the law, but they could prescribe rules and regulations to aid in carrying it into effect. Anything not inconsistent with it might be ordered for the despatch of business. It was not in so many words provided that appeals might be entered in the Circuit Court at the first term which began its session after the expiration of ten days from the time they were claimed, and so the justices, in framing their orders at the December Term, 1866 (May 16, 1867), provided (No. 26) that appeals by a creditor from a decision of the District Court rejecting his claim should be filed in the clerk's office of the Circuit Court within ten days after they were taken. As this was evidently done to promote the speedy settlement of bankrupt estates, which we have often said was the obvious policy of the law (*Bailey* v. *Glover*, 21 Wall. 342; *Wiswall* v. *Campbell*, 93 U. S. 347), there would, in our opinion, be no difficulty in sustaining the regulation if the mat-

ter stood as it was originally. The law and the regulation are perfectly consistent with each other. In effect it was judicially determined that sect. 8 required appeals to be filed during the first term which happened to be in session after the expiration of the ten days, and the regulation simply fixed the time in that term when the filing must be done. Undoubtedly the provisions of the regulation were directory rather than mandatory. If the entry of the cause was not made in the Circuit Court within the prescribed time, it would be within the power of that court, in the exercise of its discretion, to allow it to be done afterwards, but after the time had gone by the assignee could appear and ask to have the appeal dismissed.

But whatever may have been the condition of the law in this particular originally, there can be no doubt what it has been since the Revised Statutes, sect. 4990 of which is as follows: " The general orders in bankruptcy heretofore adopted by the justices of the Supreme Court, as now existing, may be followed in proceedings under this title; and the justices may, from time to time, subject to the provisions of this title, rescind or vary any of those general orders, and may frame, rescind, or vary other general orders for the following purposes: . . . *Fourth.* For regulating the practice and procedure upon appeals."

Order No. 26 was then in force, and there was in this section a distinct legislative recognition of its validity. In sect. 4982 the word " first," where it occurs in that part of sect. 8 of the original act quoted above, was omitted, so that the provision in the Revised Statutes is that " such appeal shall be entered at the term of the Circuit Court which shall be held within the district next after the expiration of ten days from the time of claiming the same." By this change the original meaning was not materially altered; but if it had been, the result would be the same, so far as the question now under consideration is concerned, because in so many words it was provided (sect. 4990) that the old orders as they stood should be applicable to the revision. In amending the general orders at the October Term, 1874, the justices continued No. 26 in the same form it was originally adopted.

Such being the condition of the law when the proceedings now complained of were had in the Circuit Court, we think it was clearly in the power of that court to dismiss the appeal because it had not been entered in time.

*Petition denied.*