# LUDELING *v.* CHAFFE.

ERROR TO THE SUPREME COURT OF THE  STATE OF LOUISIANA.

No. 178.  Argued and submitted January 8, 1892. — Decided February 29, 1892.

The highest court of a State decided that a judgment of another court of the State, granting a petition to revive a judgment under a statute of limitations of the State authorizing this to be done upon citation " to

the defendant or his representative," in order to prevent the running of the statute, could not, at the suit of one claiming under the original defendant, be collaterally impeached because the only person cited was the assignee in bankruptcy of that defendant. *Held*, that the decision was not subject to review by this court on writ of error.

THE case is stated in the opinion.

*Mr. S. H. Hubbard* and *Mr. Solicitor General* for plaintiff in error.

*Mr. Charles J. Boatner*, for defendants in error, submitted on his brief.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a petition, filed May 8, 1884, in the fifth District Court of the parish of Ouachita in the State of Louisiana, to restrain the execution against land in that parish of a judgment rendered June 28, 1882, in favor of the defendants, by which that land (to which the petitioner claimed title under a conveyance from Mrs. Eliza W. Warfield, dated June 30, 1875) was subjected to a judicial mortgage arising out of a judgment for money, recovered by the defendants March 20, 1874, in a personal action against Mrs. Warfield. The petitioner alleged that the original judgment against Mrs. Warfield had been prescribed by virtue of article 3547 of the Civil Code of Louisiana, (which is copied in the margin,[1]) and that a judgment

---

[1] "All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments: Provided, however, that any party interested in any judgment may have the same revived, at any time before it is prescribed, by having a citation issued according to law to the defendant or his representative from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived; and if such defendant be absent and not represented, the court may appoint a *curator ad hoc* to represent him in the proceedings, upon which *curator ad hoc* the citation shall be served. Any judgment revived as above provided shall continue in full force for ten years from the date of the order of court reviving the same, and any judgment may be revived as often as the party or parties interested may desire."

since recovered by the defendants, reviving that judgment, was null and void, for want of sufficient notice. The material facts bearing on the validity of the judgment of revival were as follows:

On September 11, 1876, Mrs. Warfield was adjudged a bankrupt under the laws of the United States, and William T. Atkins was appointed her assignee in bankruptcy, and as such sold the property in her schedule, and rendered his final account on October 15, 1879, but was never discharged from his duties as assignee. Mrs. Warfield never obtained her discharge in bankruptcy, and permanently removed in 1879 from the State of Louisiana, and died in Tennessee in 1881, leaving no heirs in Louisiana.

On February 8, 1884, the parish district court, upon the application of the defendants, appointed its clerk administrator of Mrs. Warfield's estate, and he took an oath assuming the administration. On February 9, 1884, the defendants filed a petition in that court under said article of the Civil Code, praying for a revival of the original judgment against Mrs. Warfield, for the appointment of a curator *ad hoc*, and for a citation to such curator, to the administrator, and to Atkins, assignee. A curator *ad hoc* was accordingly appointed, and he and the administrator waived citation and appeared and answered. Atkins was served with a citation, and also appeared and answered, denying all the allegations of the petition. Judgment was thereupon rendered, on February 20, 1884, reviving the original judgment, and in March. 1884, was duly recorded and reinscribed.

In the case at bar, the court refused the injunction prayed for, and gave judgment for the defendants, and this judgment was affirmed by the Supreme Court of Louisiana.

The petitioner sued out this writ of error, which was allowed by Chief Justice Bermudez, who added this memorandum: " In this case the court has passed upon no question, except the method of interrupting prescription on a judgment provided by the statute of the State, a matter within the arbitrary control of the State legislature, and involving no question of due process of law. Even as to this question, we have

simply held that the judgment of revival could not be questioned in the present form of action. I do not consider that any Federal question properly arises and was passed upon in the case; but as one was presented which, it is claimed, might be considered to exist by the United States Supreme Court, I grant the order."

. . The grounds upon which the jurisdiction of this court is invoked by the petitioner are that the state court, by holding that the citation to Atkins as assignee was valid and effectual to support the judgment of revival, deprived the petitioner of his property without due process of law, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States; and construed the Bankrupt Act of the United States, and article 3547 of the Civil Code of Louisiana, so as to make them unconstitutional by thus depriving him of his property; and disregarded section 5057 of the Revised Statutes of the United States, which provides that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee," and thereby denied a right and immunity claimed by the petitioner under the Bankrupt Act of the United States.

But the judgment of the Supreme Court of Louisiana, as appears by its opinion, copied in the record, and reported in 40 La. Ann. 645, as well as by the Chief Justice's memorandum, above quoted, did not pass upon the question of the capacity of the assignee to represent the bankrupt in the proceedings to obtain the judgment of revival; and merely held that this question could not be presented and decided in this collateral way, but only in a direct suit to annul that judgment, bringing in all parties to it.

The question presented to the inferior court of 'the State upon the petition for the judgment of revival was whether the assignee in bankruptcy was such a representative of the original judgment debtor that a citation might issue to the assignee

.nder the statute of limitations of Louisiana, for the purpose of preventing a judgment, admitted to be valid, from being prescribed within ten years from the time of its rendition. The true construction of the statute of limitations in this respect, as well as the proper manner of reviewing the decision of that question, if erroneous, was a matter of state law and practice, in no way depending upon the Constitution of the United States or upon any act of Congress.

In order to give this court jurisdiction of a writ of error to review a judgment of a state court against a right claimed under a statute of the United States, that right must be one of the plaintiff in error, and not of a third person only. *Giles* v. *Little*, 134 U. S. 645. The immunity or privilege of the assignee in bankruptcy from being cited in these proceedings could only be set up by the assignee himself, or by a person claiming under him, and not by a person claiming under a conveyance from the bankrupt before the bankruptcy. The assignee, having appeared and answered to the petition for revival, and thereby submitted himself to the jurisdiction of the state court, would have been bound by its judgment, if against him. *Winchester* v. *Heiskell*, 119 U. S. 450; *Adams* v. *Crittenden*, 133 U. S. 296. But he set up no title in himself, no judgment was rendered against him, and he has sued out no writ of error. Section 5057 of the Revised Statutes has therefore no application to the case.

*Writ of error dismissed for want of jurisdiction.*