NORTH AMERICAN TRADING & TRANSPORTATION CO. v. SMITH et al.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1899.)

No. 491.

1. APPEAL FROM DISTRICT COURT—JURISDICTIONAL AMOUNT.

Rev. St. § 631, allowed an appeal in certain cases from the district to the circuit court, where the amount in controversy exceeded $50. Act March 3, 1891, § 4, abolished such appeals, and provided (section 6) that the circuit court of appeals should have jurisdiction of appeals from the district court "in all cases other than those" wherein an appeal to the supreme court was provided. The act expressly repealed Rev. St. § 691, fixing the jurisdictional amount on appeal from the circuit to the supreme court, did not refer to section 631, and provided (section 11) that all acts then in force concerning appeals should apply to appeals to the circuit court of

appeals. *Held*, that the act of March 3, 1891, did not repeal Rev. St. § 631, and the provision thereof as to jurisdictional amount remains applicable to appeals to the circuit court of appeals.

2. SAME—REPEAL OF STATUTE.
    Such repeal was not affected by Act March 3, 1891, § 14, repealing all acts inconsistent with sections 5 and 6 of such act.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Frederick Bausman, for appellant.

James Kiefer and W. B. Bosley, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Certain of the appellees move to dismiss the appeal upon the ground that as to their claims, respectively, the matter in dispute is less than the sum of $50. The question presented is whether section 631 of the Revised Statutes has been repealed by the provisions of the act of March 3, 1891, creating the circuit courts of appeals. Section 631 provides as follows:

"From all final decrees of a district court in causes of equity or of admiral and maritime jurisdiction, except prize causes, where the matter in dispute exceeds the sum or value of fifty dollars, exclusive of costs, an appeal shall be allowed to the circuit court next to be held in such district, and such circuit court is required to receive, hear, and determine such appeal."

There is no express repeal of this section by the terms of the act of March 3, 1891, but it is contended that a repeal by implication is found in sections 4 and 6 of that act. Section 4 provides as follows:

"That no appeal, whether by writ of error or otherwise, shall hereafter be taken or allowed from any district court to the existing circuit courts, and no appellate jurisdiction shall hereafter be exercised or allowed by said existing circuit courts, but all appeals by writ of error or otherwise from said district courts shall only be subject to review in the supreme court of the United States or in the circuit court of appeals hereby established."

Section 5 enumerates the classes of cases that may be appealed to the supreme court. Section 6 provides as follows:

"That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law."

Section 4 transfers to the circuit courts of appeals all the appellate jurisdiction which the circuit courts then exercised. It defines the whole appellate jurisdiction of the courts of the United States, and makes provision for all appeals. We think that the term "all appeals," as it is there used, means existing appeals, which were theretofore permitted, and which were provided for by the law which was then in force, and that the "final decision" which is referred to in section 6, and which it is there declared shall be reviewable, means a final decision which was then appealable under the existing law.

At the time of the creation of the district courts, by the terms of the judiciary act a limitation was placed upon appeals from

the district courts to the circuit courts in admiralty cases. It was first enacted that no appeal should be allowed, unless the matter in dispute exceeded the sum of $300, exclusive of costs. 1 Stat. 83, § 22. By the act of March 3, 1803, the judiciary act was so amended as to permit such appeals where the matter in dispute, exclusive of costs, exceeded the sum of $50. The statute so amended remained unchanged until the act of March 3, 1891. The fact that this limitation, thus early established, remained in force for nearly a century, indicates the settled policy of congress to limit appeals in admiralty cases, and to protect the small claims of seamen for wages. It vested in the district court final jurisdiction in all cases involving $50 or less. There is nothing in the terms of the act of 1891 to indicate a purpose to depart from that policy. The appeal from the district court to the circuit court was simple and inexpensive, as compared with the appeal to the circuit court of appeals. If it had been the intention of congress to extend the right of appeal to trifling amounts in admiralty cases, we think that purpose would have been clearly and unequivocally expressed. The act of March 3, 1891, provides further, in section 11, as follows:

"And all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals."

It is significant, also, that the act contains express repeals of section 691, which provides that final judgment of circuit courts, whether of causes therein originally begun, or removed thereto from state courts, or by appeal from district courts, may be reviewed in the supreme court by writ of error, where the matter in dispute, exclusive of costs, exceeds the sum of $2,000, and of the act of February 16, 1875, by which the jurisdictional amount had been increased to $5,000. It is inferable that, if it had been the purpose to repeal section 631, there would have been an express repeal of that section, also. The general provision of section 14 of the act, providing that "all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act are hereby repealed," does not by implication repeal section 631, for section 631 is not inconsistent therewith. The motion to dismiss will be allowed.