In re FRANCIS et al.

(District Court, E. D. Pennsylvania. April 28, 1905.)

No. 2,217.

BANKRUPTCY—RECEIVERS—APPOINTMENT WITHOUT NOTICE.

Under Bankr. Act July 1, 1898, c. 541, § 2, subd. 3, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], authorizing the appointment of receivers in bankruptcy when absolutely necessary to preserve the estates, to take charge of the property of the bankrupts after the filing of the petition and until it is dismissed or trustees qualified, where it was alleged that the indebtedness for which the alleged bankrupts were liable was created through fraud, that two of them had absconded, and that the other was incarcerated, the appointment of a receiver before adjudication without notice to such incarcerated defendant was not void as a taking of his property without due process of law.

In Bankruptcy. Overruling motion to revoke the appointment of a receiver.

Henry J. Scott, for Stanley Francis.

Edgar J. Pershing, Robert M. Anderson, and George Wharton Pepper, for receiver.

HOLLAND, District Judge. On March 31, 1905, an involuntary petition in bankruptcy was filed in this court against William H. Latimer, Frank C. Marrin, and Stanley Francis individually and trading as the Provident Investment Bureau. On the same day a petition was presented for the appointment of a receiver, in which it is alleged that the "bankrupts have been engaged in procuring money through the mails by fraudulent representations," the method being therein set out. It is further stated that William H. Latimer and Frank C. Marrin are fugitives from justice, and their whereabouts are unknown to the petitioner, and that Stanley Francis, known under his various aliases, which are given in the petition, is now in custody charged with the violation of the laws of the United States relating to the fraudulent and improper use of the mails for the purpose of procuring money. The other necessary averments are set forth in the petition, showing that a receiver is absolutely necessary for the preservation of the estate and to take charge of the property of the bankrupts until a trustee is qualified or the petition is dismissed according to law. A receiver was appointed without first giving notice to any of the bankrupts, and on April 4, 1905, a petition was presented by Stanley Francis asking the court to revoke the appointment of the receiver made on the above-mentioned date for the reason that he was not served with notice and allowed to be heard prior to the appointment having been made. He was, however, served with notice the day after the appointment had been made.

This raises the question whether, under these circumstances, a receiver in bankruptcy can be appointed to take charge of the alleged bankrupt's property without first giving him notice and al-

lowing him to be heard on the question of the appointment before it is made. Counsel for Francis claims that, notwithstanding the facts as stated, such an appointment cannot be made without notice without violating the constitutional provision contained in the fifth amendment, wherein it is provided that "no person shall * * * be deprived of * * * property without due process of law," and that due process of law requires that notice shall be served upon an alleged bankrupt before a receiver is appointed to take charge of his property. By this constitutional guaranty every arbitrary interference with the property of a person is prohibited, and protects every citizen in the possession, enjoyment, and disposition of his property; but it is not intended by this provision to interfere with the government in determining by what remedies or process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for this purpose gives reasonable notice and affords fair opportunity to be heard before the issues are decided. Iowa Central Railway Co. v. Iowa, 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467; Simon v. Craft, 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; Leeper v. Texas, 139 U. S. 462, 11 Sup. Ct. 577, 35 L. Ed. 225; Ludeling v. Schaffe, 143 U. S. 301, 12 Sup. Ct. 439, 36 L. Ed. 313. Due process of law has been defined to be "a prosecution or suit instituted and conducted according to the prescribed forms and solemnities for ascertaining guilt or determining the title to property." Taylor v. Porter, 4 Hill, 140, 40 Am. Dec. 274. "Law in its regular course of administration through courts of justice." 2 Kent's Commentaries, 10. "A law which hears before it condemns; which proceeds upon inquiry and renders judgment only after trial." Dartmouth College v. Woodward, 17 U. S. 518, 4 L. Ed. 629 (argument of Mr. Webster). "Lawful judicial proceeding in a court of competent jurisdiction." In re Curry, 1 Civ. Proc. R. (N. Y.) 319. "A timely and regular proceeding to judgment and execution." Backus v. Shipherd, 11 Wend. (N. Y.) 629. "The application of the law as it exists in the fair and regular course of administrative procedure." Harbison v. Knoxville Iron Co. (Tenn.) 53 S. W. 955, 56 L. R. A. 316, 76 Am. St. Rep. 682. "That kind of procedure which is suitable and proper to the nature of cases, and sanctioned by the established usages and customs of the courts." Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552. "Process due according to the law of the land." Walker v. Sauvinet, 92 U. S. 90, 23 L. Ed. 678. A settled and effective method of procedure is necessary in the administration of remedial law for the assertion of legal rights and the enforcement of legal obligations. A proceeding in bankruptcy, from its commencement to its close upon final hearing and settlement of the estate, is but one suit, and all the steps taken and acts done are part thereof, from which they cannot be separated. Wiswall v. Campbell, 93 U. S. 348, 23 L. Ed. 923. As part of the procedure in bankruptcy under the act of 1898, Congress authorized the appointment of receivers, under certain circumstances, either to perform the general duties of receivers in equity, or for

136 F.—58

a ˙special purpose, as in this case, under section 2, subd. 3, to take possession of the property that it may be safely kept until finally disposed of by due process of law, that is to say, by the procedure pointed out by Bankr. Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]. The act does not expressly require that notice shall be given the alleged bankrupt before the appointment shall be made, but, as a rule, from the institution of proceedings in a suit until final judgment, every step is preceded with notice, and it is laid down as a general proposition that notice must be served upon the party before a receiver can be appointed, except (1) where the defendants or parties in interest have absconded, or are beyond the jurisdiction of the court, or cannot be found; (2) where there is imminent danger of loss or great damage, or irreparable injury, or the gravest emergency, or when by notice the very purpose of a receiver may be rendered wholly nugatory—as where the property may be removed without the jurisdiction of the court, or it is being collected, and the proceeds wrongfully appropriated. In such cases the court will lay its hand upon the property, through the appointment of a receiver, for the purpose of maintaining the status quo until the issues may be determined as to the right of ownership. Smith on Receivers, § 5, pp. 17, 18; Sanford v. Sinclair, 8 Paige, 373; Gibson v. Martin, 8 Paige, 481; Sims v. Adams, 78 Ala. 395; High on Receivers, § 113.

The allegation here is that the indebtedness for which the alleged bankrupts are liable was created through a fraud perpetrated upon the claimants in obtaining their property, for which reason two of them have fled the jurisdiction of this court, and Stanley Francis, the third, is under arrest and in prison. A notice, under these circumstances, to Francis, that a receiver was about to be appointed, in all probability would have defeated the very object .of the appointment, to wit, to prevent a disappearance of the property belonging to the alleged bankrupts, and in the appointment of the receiver he was only authorized to hold the property pending the determination of the questions involved. It is not depriving the alleged bankrupts of their property without due process of law. It is merely a preliminary step in a proceeding whereby property is taken into custody and safely preserved until the rights of the contending parties can be determined. We find in all systems of procedure similar means of enforcing rights of parties and preserving property—such as the issuance of the writ of replevin, whereby the possession of property is taken by the claimant from an adverse party without notice; and in admiralty libels are filed and vessels attached; and in foreign attachments personal property is seized without notice—and in all these proceedings the object is to hold the property safely until the issues involved can be determined. They are all instituted without notice.

The petition and answer in this case upon the rule to show why the appointment of the receiver should not be revoked further strengthens the position of the creditors against the alleged bankrupts in their right to have a receiver appointed in this case with-

out notice, and for these reasons we do not think the appointment should be revoked. The receiver, however, is only authorized under his appointment to take the personal property of Stanley Francis, one of the alleged bankrupts, into his possession. As to the real estate, the restraining order issued in regard to that is sufficient without more.

The motion, therefore, to revoke the appointment of the receiver as to Stanley Francis in this case, is overruled.