## In re SWEETSER.

### KYLE et al. v. HAMMOND et al.

(Circuit Court of Appeals, First Circuit. February 21, 1911.)

#### No. 917.

BANKRUPTCY (§ 451*)—COURTS—JURISDICTION.

    The Circuit Court of Appeals, possessing, under Act March 3, 1891, c. 517, 26 Stat. 828 (U. S. Comp. St. 1901, p. 549) § 6, a general right of review, unless otherwise provided by law, has no jurisdiction to review a decision of the Circuit Court in bankruptcy proceedings under Act March 2, 1867, c. 176, 14 Stat. 517, repealed by Act June 7, 1878, c. 160, 20 Stat. 99, with the proviso that it shall continue in force until any matter arising thereunder has been disposed of, as if the act had not been repealed.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 451.*

    Jurisdiction of Circuit Courts of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· Appeal from the Circuit Court of the United States for the District of Massachusetts.

In the matter of Elbridge L. Sweetser, bankrupt. From an order of the Circuit Court (181 Fed. 617), rendered on the petition of John C. Hammond and others, creditors, Warren Ozro Kyle and another, assignees, appeal. Dismissed for want of jurisdiction.

See, also, 185 Fed. 219.

Fred Joy and Warren Ozro Kyle, for appellants.

Hollis R. Bailey, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This case arises under the statute in bankruptcy ordinarily known as that of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). There was a proceeding in the District Court, which came before the Circuit Court on a revisory petition under that act. It is easier and simpler to describe this proceeding by reference to Wiswall v. Campbell, 93 U. S. 347, 23 L. Ed. 923, than by any attempt to give an abstract of the statutes in reference thereto. It was there held that, as the law existed in 1867, the proceeding stopped in the Circuit Court, and could not be taken to the Supreme Court. This rule was applied under exactly the same circumstances we have here, and in the present condition of the law, with reference to the act of 1867 by this court in Huntington v. Saunders, 72 Fed. 10, 18 C. C. A. 409, and Id., 77 Fed. 394, 23 C. C. A. 198. In that case, which was decided by a full Court of Appeals on February 3, 1896, it was held, under the same circumstances which exist here, that the Circuit Court of Appeals had no jurisdiction to revise the action of the Circuit Court.

· The court in the latter case especially noted the peculiar phraseology of section 6 of the act of March 3, 1891 (26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549]), establishing this court, which gave this court a general right of review "unless otherwise provided by law." The full effect of those words has never been clearly understood, but what might be supposed to illustrate some phases of their efficiency was removed in the cases relied on by the appellants here, namely, Lau Ow Bew v. United States, 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340, Hubbard v. Soby, 146 U. S. 56, 13 Sup. Ct. 13, 36 L. Ed. 886, and The Paquete Habana, 175 U. S. 677, 680, 20 Sup. Ct. 290, 44 L. Ed. 320, and especially in North American Company v. Smith, 93 Fed. 7, 35 C. C. A. 183, which last case referred to appeals in admiralty suits relating to sums less than $50. Some of these cases were decided before Huntington v. Saunders, and some later. The appellants, however, overlook the fact that none of the decisions cited by them touch the case at bar, because Act June 7, 1878, c. 160, 20 Stat. 99, which repealed the bankruptcy act of 1867, after providing that it should take effect on the 1st day of September, 1878, added as follows:

"In any matter or case which shall arise after this act takes effect, in respect·of any matter of bankruptcy authorized by this act to be proceeded

with after said last-named day, the acts hereby repealed shall continue in full force and effect until the same shall be fully disposed of, in the same manner as if said acts had not been repealed."

This reserved all such rights as are involved in this petition, and were involved in Wiswall v. Campbell; yet, while it saved them, it directed the same proceedings as though there had been no repeal. In this particular, the subject-matter of the appeal, including the case at bar, is entirely taken out of any other legislation of a general character, including the statute of March 3, 1891, establishing this court.

We might have brought this present appeal to the reductio ad absurdum, because, if, as the appellants claim, the act establishing the Court of Appeals is applicable, its effect would have been to have required a direct appeal from the District Court to this court, and the appeal provided by the bankruptcy statute of 1867 from the District Court to the Circuit Court would have disappeared. Consequently the only effect would have been to have directed on this appeal that the appeal to the Circuit Court be dismissed; but as, of course, no one cares to be left in that precarious condition, we have concluded to reiterate the established rule, and apply it here.

The appeal is dismissed for want of jurisdiction, and the appellees recover their costs on the motion to dismiss. They are entitled to interest on the amount awarded in the decree appealed against from the time that decree was entered; and the case is remanded to the Circuit Court, to proceed in accordance with our opinion passed down the 21st day of February, 1911.