### KYLE et al. v. HAMMOND et al.

(Circuit Court of Appeals, First Circuit. December 16, 1911.)

#### No. 917.

BANKRUPTCY (§ 456*)—REVIEW—PROCEDURE.

On dismissal by the Circuit Court of Appeals of a petition to review a decision in bankruptcy for want of jurisdiction, the petitioner's remedy is not application to that court for leave to appeal to the Supreme Court, but by mandamus or certiorari.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 456.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition by Warren Ozro Kyle and others against John C. Hammond and others to review a decision in bankruptcy. On application by petitioners for leave to appeal to the Supreme Court. Petition denied.

Warren Ozro Kyle, in pro. per.
Fred Joy, for appellant Dowse.
Hollis R. Bailey, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a petition to review a decision of the Circuit Court in a matter in bankruptcy under Act March 2, 1867, c. 176, 14 Stat. 517. On February 21, 1911, we dismissed the petition for want of jurisdiction. 186 Fed. 989, 108 C. C. A. 659. The petitioner now asks leave to appeal to the Supreme Court.

In Huntington v. Saunders, by an opinion dated on January 30, 1897, 72 Fed. 10, 18 C. C. A. 409, and 77 Fed. 394, 23 C. C. A. 198, we followed, under like circumstances, Wiswall v. Campbell, 93 U. S. 347, 23 L. Ed. 923, and held that we had no jurisdiction. Wiswall

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Campbell was followed by the Supreme Court in Leggett v. Allen, 110 U. S. 741, 4 Sup. Ct. 195, 28 L. Ed. 313, and in Ingersoll v. Bourne, 154 U. S. 645, 14 Sup. Ct. 1186, 38 L. Ed. 1091. Consequently, by our opinion of February 21, 1911, we held that we had no jurisdiction, and therefore dismissed petition. At that time we were not disturbed by the decision of the Supreme Court in Huntington v. Saunders, 163 U. S. 319, 16 Sup. Ct. 1120, 41 L. Ed. 174, which we refer to hereafter, because that decision concerned only the jurisdiction of the Supreme Court on an appeal from a decree of dismissal. The Supreme Court might have jurisdiction to determine whether we had jurisdiction, but it did not do so in that case. The opinion, however, said what is indeed a dictum, that the Supreme Court has jurisdiction under circumstances like those now before us.

The precise point, however, came directly in issue later in Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116, and in Duryea Company v. Sternbergh, 218 U. S. 299, 301, 302, 31 Sup. Ct. 25, 54 L. Ed. 1047, where Holden v. Stratton was approved on November 14, 1910. The confusion in the decisions of all the courts with reference to the practice in regard to bankruptcy appeals is shown by our opinion in Hutchinson v. Otis, 123 Fed. 14, especially at pages 18, 19 and 20, 59 C. C. A. 94. We refused an appeal, yet it was granted unqualifiedly by the Supreme Court, with a subsequent memorandum, on full consideration, that the appeal was allowed on the claim by the appellant that "full faith and credit" had not been given to certain proceedings in the courts of New York; the bankruptcy statutes clearly providing an appeal to the Supreme Court where a contention of that character is made, all of which appears where this case is reported in 190 U. S. 552, 553, 23 Sup. Ct. 778, 47 L. Ed. 1179.

It seems to us the proper proceeding for the present petitioner would be by an application to the Supreme Court for a writ of mandamus, or, simpler, for a writ of certiorari. The latter was finally done in Holden v. Stratton, when it came up in 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, and was decided on its merits.

The petitioner relies upon Spreckels Company v. McClain, 192 U. S. 397, 24 Sup. Ct. 376, 48 L. Ed. 496. There no question involved here was under consideration or could be. Another thus relied on is Denver Bank v. Klug, 186 U. S. 202, 205, 22 Sup. Ct. 899, 46 L. Ed. 1127, where the appeal was dismissed, and Huntington v. Saunders was referred to only incidentally.

On the whole, we think we should adhere to the views which have heretofore governed us, and leave the petitioner to his remedy by mandamus or certiorari.

The petition for an appeal is denied.

This appeal was subsequently allowed (January 10, 1912) by Mr. Justice Holmes of the United States Supreme Court.