In re EGERIA SOCIETA PER AZIONI DI NAVIGAZIONE, Debtor.

CIEL Y CIA S.A., Plaintiff,

v.

NEREIDA SOCIETA DI NAVIGAZIONE PER AZIONI, et al., Defendants.

COMERCIA Y CIA S.A., Plaintiff,

v.

EGERIA SOCIETA DI NAVIGAZIONE PER AZIONI, et al., Defendants.

HITACHI SHIPBUILDING AND ENGINEERING CO., LTD., Plaintiff,

v.

S/S SORRENTO, etc., et al., Defendants.

K/S DITLEV CHARTERING A/S & CO., Plaintiff,

v.

EGERIA S.p.A. di NAVIGAZIONE, Defendant.

KAWASAKI HEAVY INDUSTRIES, LTD., Plaintiff,

v.

M/V SORRENTO, etc., et al., Defendants.

GRANDI MOTORI TRIESTE, S.p.A., Plaintiff,

v.

APPROXIMATELY 5,000 MACHINERY PARTS, et al., Defendants.

Bankruptcy No. 82–000647-N.

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

June 9, 1982.

Richard T. Robol, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for K/S Ditlev Chartering A/S & Co.

Jerrold G. Weinberg and Ann K. Kiley, Weinberg & Stein, Norfolk, Va., for Carlo Alhadeff, Com'r for Egeria Societa Per Azioni Di Navigazione.

Carter B. Furr, Jett, Agelasto, Berkley, Furr & Price, Norfolk, Va., for Ciel Y Cia S.A. and Comercia Y Cia S.A.

Walkley E. Johnson, Jr., Crenshaw, Ware & Johnson, Norfolk, Va., for Hitachi Shipbuilding and Engineering Co., Ltd.

Richard I. Gulick, Gulick & Maynard, Norfolk, Va., for Kawasaki Heavy Industries, Ltd.

Daniel R. Warman, Williams, Worrell, Kelly & Greer, P.C., Norfolk, Va., for Grandi Motori Trieste, S.p.A.

Walter B. Martin, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Egeria Societa Per Azioni Di Navigazione.

## AN ORDER ESTABLISHING PROCE-
## DURE IN A CASE ANCILLARY
## TO A FOREIGN PROCEEDING

HAL J. BONNEY, Jr., Bankruptcy Judge.

There has come to this Court a complex case involving a novel approach to bankruptcy law not found until the advent of the Bankruptcy Reform Act of 1978 on October 1, 1979. By virtue of 11 U.S.C. § 304, a foreign representative may file a petition in the American bankruptcy court for relief ancillary to a foreign bankruptcy proceeding. The need for such legislation should not appear strange. It is not unlikely that there should be in this country property of a foreign person or entity who files or who has filed a bankruptcy petition in that foreign land. That some remedy should here lie makes sense.

The facts are indeed more complicated than here recited, but for this narrow purpose this recitation will suffice. Egeria Societa Per Azioni di Navigazione (Egeria) has filed in this Court a petition for relief pursuant to 11 U.S.C. § 304, said petition being filed on behalf of Carlo Alhadeff, Commissioner and foreign representative of Egeria. The petition alleges that Egeria in its home country of Italy has a case pending there under the insolvency laws of the Republic of Italy.

At the time the ancillary bankruptcy petition was filed, there was pending in the United States District Court for this district a number of matters which had resulted in the attachment of the vessel S/S SORRENTO in the harbor, commonly called Hampton Roads, upon its arrival to load cargo. Indeed, the claims of the creditors against the vessel *in rem* and the debtor *in personam* are numerous and include such claims as charter hire, repairs and supplies. In the District Court Egeria had filed motions to quash the attachments and arrests of the vessel and following lengthy hearings, the Honorable J. Calvitt Clarke, Jr., United States District Judge, overruled the motions to quash. Other matters, too, have been heard ... and some determined ... there.

Further, the plaintiffs there filed motions in the District Court to quash removal to the Bankruptcy Court. Egeria, the debtor, argued that the case was dead in the District Court by virtue of its, Egeria's, filing a petition under section 304 in the Bankruptcy Court. Judge Clarke quickly determined the issue and found that the Congress had delegated the matter to the bankruptcy court as an adjunct of the district court pursuant to 28 U.S.C. § 1471. Accordingly, Judge Clarke denied the efforts to quash the removal.

So here we are.

There are a few reported cases on Section 304 but none touching upon so large and complicated a matter as this. The procedure, therefore, is strange to the bench and the bar. For our use here and for future reference this new ground needs to be plowed.

The Court is of the opinion that a case will, generally, divide into two parts or issues: (1) any controversion of the petition and (2) the relief sought by the debtor.

As subsection (b) states, a party in interest may timely *controvert* the petition. Controvert is not a bankruptcy term or word nor is it a word of art. Really, it holds a common dictionary definition. It means *to deny* or *to take issue on.* The first definition is perhaps appropriate to a debtor who opposes action against its property in America. The other would clearly fit creditors who oppose a foreign debtor seeking such relief.

Here quite a number of grounds have been advanced controverting the petition, chiefly six and including constitutional and jurisdictional grounds. (Remember, our purpose here is not to decide the matters, but to, as briefly as possible, set forth a procedural pattern. Simply put, the petition has been controverted.) Therefore, any timely controversion of such a petition must be first disposed of. Why consider

relief if a debtor lacks standing? A hearing on these issues has been set and quickly so.

Should the court sustain any one of the objections, so to speak, the petition in bankruptcy would be dismissed. Should the court overrule the elements of controversion, it would proceed to determine what relief, if any, the debtor would be entitled to under 304(b).

But the two are separate. The threshold issue of controversion may exist.

Should a debtor survive a controverted petition, it would appear that it would propose the relief sought. Surely this would include adequate provision for the creditors, who in this instance are leaning against the property. They would certainly have the concern that should the court release the vessel, would the debtor stand on the stern and wave goodbye to the creditors as it sailed into the sunrise.

It is all very interesting.

The Court feels, too, that these matters should be disposed of with dispatch. Particularly in this case where it is said the vessel's expense riding at anchor may reach $10,000.00 per day. The Supreme Court's admonitions in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), quoting Mr. Justice Story in *Ex parte Christy*, 3 How. 292, 312, 44 U.S. 292, 11 L.Ed. 603 (1844), are very real here. Also see *U. S. Fidelity and Guaranty Co. v. Bray*, 225 U.S. 205, 218, 32 S.Ct. 620, 625, 56 L.Ed. 1055 (1912), and *Wiswall v. Campbell*, 93 U.S. 347, 350, 23 L.Ed. 923 (1876).

IT IS SO ORDERED.