### VAN WIE *v.* FIDELITY TRUST CO.

1. Principal and Agent—Disclosed Principal—Fraud—Liability of Agent.

    In absence of fraud, agent acting for ·disclosed principal is not liable to third party.

2. Fraud—Mistake Not Fraud.

    Mere mistake is not fraud.

3. Appeal and Error—Amendment of Declaration.

    Request for amendment of declaration in Supreme Court is denied, where amendment would be no help to plaintiff.

4. Reformation of Instruments—Options—Equity.

    Option required to be in writing may be reformed by decree in equity, on proper showing, but law court has no such power.

5. Action—Action for Cash May Not Be Maintained on Option for Stock.

    Where defendant corporation planned merger with another company and offered either cash or stock for shares surrendered, and plaintiff stockholder, on surrendering her shares, by mistake signed option to receive stock, she may not maintain action for cash so long as said option stands.

Error to Wayne; Spier (James E.), J., presiding. Submitted January 23, 1931. (Docket No. 138, Calendar No. 35,392.) Decided April 7, 1931.

Action by Marie Van Wie against Fidelity Trust Company and Stinson Aircraft Corporation, a Michigan corporation, on an option for the redemption of stock.. Judgment for defendant Fidelity Trust Company and against Stinson Aircraft Corporation. Plaintiff and defendant Stinson Aircraft Corporation bring error. Affirmed as to defendant Fidelity Trust Company. Reversed as to defendant Stinson Aircraft Corporation.

*Beaumont, Smith & Harris,* for plaintiff.

*Yerkes, Goddard, McClintock & Shreve,* for defendant Fidelity Trust Company.

*Emmons, Oren & Sleeper,* for defendant Stinson Aircraft Corporation.

WIEST, J.  Review in this case is on findings of fact and conclusions of law without a bill of exceptions.

Plaintiff claims that, on the facts as found, she is entitled to have judgment against both defendants, under a declaration in an action of assumpsit, but asks, if the declaration should sound in tort, that an amendment be allowed in this court.

Defendant Stinson Aircraft Corporation claims that the findings do not support the judgment. Defendant Fidelity Trust Company is content with the judgment in its favor and contends that it should not be disturbed.

Briefly stated the facts are as follows: Plaintiff owned 50 shares of stock of the Stinson Aircraft Corporation. That company planned a merger with the Cord Corporation, and employed the Fidelity Trust Company to act as depositary with whom its stockholders could deposit their shares of stock, accept the terms of the depositary agreement, and elect to have one share of stock of the Cord Corporation for two shares of stock of the Stinson Aircraft Corporation, or have cash at the rate of $17.50 for each share. Plaintiff learned of the offer, and, desiring to deposit her shares and take the cash offer, visited the depositary, turned in her stock, and stated that she elected to take cash, but, by mistake, arising from her inability to read without her eyeglasses, and the possible misunderstanding of the clerk of the trust company, she signed an option to take stock. Not receiving cash, she brought this suit in assumpsit against the aircraft company and

the trust company to recover, as though she had elected to have cash, and had judgment against the aircraft company, but not the trust company.

The judgment in favor of the trust company was right. The aircraft company was the disclosed principal of its agent, the trust company, and, in the absence of actionable fraud, was not liable to plaintiff. There was no fraud perpetrated by the trust company. A mere mistake is not fraud. Under the facts, as found by the circuit judge, it would not help plaintiff to permit the declaration to be amended, and the request to amend is denied.

The judgment against the aircraft company cannot be sustained. The option, signed by plaintiff, called for stock and not money. The judgment calls for money and not stock. The suit is upon an obligation to pay money. The proof shows an obligation to deliver shares of stock. The option signed by plaintiff controls as long as it stands, and it stands unless and until reformed by decree in equity. Plaintiff could not sue upon the option, and, notwithstanding the option, have judgment to the contrary.

The law court cannot reform instruments or ignore written agreements. The option had to be in writing. If the option signed by plaintiff is ignored, then no valid option was executed. If there was no valid option executed, then plaintiff has received no promise of money for her shares of stock.

The judgment in favor of the Fidelity Trust Company is affirmed, and the judgment against the Stinson Aircraft Corporation reversed, without a new trial, and with costs against plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.