## SCHRAM v. SPENCER.
### No. 1518.

District Court, E. D. Michigan, S. D.
March 11, 1941.

726

Robert S. Marx, Lawrence I. Levi, and Thomas L. Conlan, all of Detroit, Mich., for plaintiff.

Lewis Daniels, of Detroit, Mich., for defendant.

PICARD, District Judge.

This is an action brought by B. C. Schram, as receiver of First National Bank-Detroit, a national banking association, v. John T. Spencer, who was trustee in bankruptcy for The Freeman Dairy Company of Flint. Spencer in his final report erroneously recorded that the dividend due on all outstanding bonds, including a certain bond now held by plaintiff as collateral on a debt due said bank by R. L. Spitzley, had been paid. The Spitzley bond had never been presented for payment. This court on or about the 12th day of December last rendered an opinion upon which an order would have been entered in favor of defendant. Plaintiff then petitioned to amend the court's findings of facts and conclusions of law, and the court, deeming it necessary to obtain further in-

formation, upon its own motion called upon the referees in bankruptcy of this court for a complete analyzation of its files and records. A stipulation covering additional information obtained is now on file.

Briefly the facts are these: When The Freeman Dairy Company was adjudicated bankrupt and defendant appointed trustee, the dairy company owed a bond issue of $175,000 covered by a mortgage. For convenience, following litigation, distribution of the cash received from the sale of the property was administered by the trustee, the mortgage covering both real and personal property and the personal property not being covered by the bonds. The trustee computed that each bondholder was to receive $489.62 on every $1,000 bond, except three bonds held in The Freeman Dairy Company treasury, which of course were not to be paid. The particular bond involved here came into possession of plaintiff upon the first appointment of a receiver for First National Bank-Detroit eight or nine years ago, and R. L. Spitzley, who was and still is indebted to plaintiff, has been making payments on that indebtedness throughout these years. Plaintiff elected and by permission of the court proceeded on the theory that he was charging defendant individually on a constructive fraud, since the bankruptcy matter has not been revived and defendant has been discharged more than two years previous to the action being started in this case.

Defendant claimed that plaintiff should have made inquiry regarding his bond some time ago; that the bank was guilty of laches; that if there was any negligence it was on the part of Detroit Trust Company, trustee for certain bondholders; that at the most it was an error on the part of defendant who included the bond as having been paid, and that he should not now be held for fraud—constructive or otherwise. In addition, defendant claims that more than two years having elapsed since he was discharged, that under sub. d., § 11 of the Bankruptcy Law, 11 U.S.C.A. § 29, sub. d, plaintiff is barred by the limitation therein prescribed.

Plaintiff, however, takes the position that he could not pursue any action until he knew of the fraud; that the subsection merely applies to actions arising against the estate of a bankrupt or that might exist against his estate previous to his going into bankruptcy, and that it does not apply to a fraud by the trustee himself; that further-

more, there was no requirement on plaintiff's part to make inquiry; that he knew nothing about the bankruptcy; and that up to at least a short time before action was taken in this case, he was being paid on the debt by R. L. Spitzley, the man who had deposited the bond with First National Bank-Detroit as security and from which plaintiff received the same.

It appears from the records that the referee authorized the appropriation of the sum of $90,000 for the payment of the $175,000 of bonds less the $3,000 held in the treasury. The actual disbursements, as shown by the cancelled checks in the file and also by the sheet attached to the stipulation now before this court, reveal that John T. Spencer, the trustee, did actually disburse in payment on said bonds the sum of $84,338.87; that the expenses in connection with said bond issue (which expenditures are also evidenced by cancelled checks) amounted to $7,875.31, making a total expenditure by him as trustee of $92,214.18. This, it is apparent, is $2,214.18 more than was originally alloted by order of the referee, but the additional expenditures were also later duly allowed. It is also apparent that through error the trustee paid the individual bondholders $489.62 on every $1,000 bond, except the one in question, when he should have paid them less. He evidently failed to take into consideration the expenditures. There is no doubt that the trustee paid out all the money he got and all the money that was allowed by the court. We find, therefore, that defendant acted in good faith and that there was not the slightest evidence of fraud—actual or constructive.

### Conclusions of Law.

Defendant contended that plaintiff was not the real party in interest, Michigan C.L.1929, Section 14010, and that plaintiff could bring this action only after he had reduced the bond to his possession, so that he not only had the equitable but the legal title thereto. He admits that plaintiff is the holder for value by virtue of Section 9276, Michigan C.L.1929, but contends that the holder of an equitable title has no right under the real party in interest statute to prosecute the suit.

In our original opinion we held with defendant on this issue of law raised, but we now believe we were in error in the first opinion filed. We believe that since the bond is a negotiable instrument, Michi-

gan C.L.1929, Section 9250 et seq., that plaintiff is the real party in interest, and under Section 9300, Michigan C.L.1929, may maintain an action in his own name. See, also, Molsons Bank v. Wolf, 224 Mich. 526, 195 N.W. 73.

However, passing to the other questions involved, we find reason for denying plaintiff's right to recover. Plaintiff failed to show any fraud, constructive or otherwise, on the part of defendant. Mistake is not fraud. VanWie v. Fidelity Trust Company, 254 Mich. 108, 235 N.W. 863. There undoubtedly was some loose bookkeeping in administering the bankrupt estate, but as pointed out in defendant's brief, there was some loose bookkeeping on the part of Detroit Trust Company and evidently a neglect of checking collateral to some extent in the office of plaintiff. However, with the thousands and thousands of notes, mortgages, bonds, and other papers that plaintiff has had to keep track of, to say nothing of numerous lawsuits, we find nothing surprising in its lack of knowledge of a bankruptcy action from which it evidently had received no information, and under no circumstances would we deny its claim upon the ground of laches. But by the same yardstick of equitable consideration we would hesitate to charge defendant individually, and not as trustee, for what was apparently a mistake, there being absolutely no evidence to show that he himself profited to the extent of the sum of that bond.

Furthermore, it is necessary that fraud be conclusively proven, as the court said in Steele et al. v. Shaffer et al., 241 Mich. 632, 217 N.W. 777, "Fraud is never presumed, but it must be proved by preponderance of the testimony;" Van Auker et al. v. Toan et al., 204 Mich. 184, 169 N.W. 950, " * * * fraud is not to be presumed or lightly inferred."

We then pass to the question of the matter of the limitations. Title 11 U.S.C.A. § 29, Sub. d, of the Bankruptcy Law provides as follows: "Suits shall not be brought against a person who has acted as a receiver or trustee of a bankrupt estate, upon any matter arising in connection with the administration thereof, subsequent to two years after the estate has been closed".

Since we have found that there was no fraud, constructive or otherwise, we believe that the above section applies. We

728

agree with plaintiff that it certainly would be inequitable to so limit the time for bringing action against a trustee for the latter's personal fraud, if fraud actually existed. But here there was no fraud. Here the fault is clearly a mistaken computation. Spencer did not profit. No one filed a proof of claim upon this particular bond. All the money that was held for bond purposes was paid out, and the court even allowed more to take care of the expenses.

We hold, therefore, that since the burden of proof is on plaintiff to show fraud, and there being no fraud, defendant is entitled to judgment of no cause for action. Defendant may submit the same to this court for signature.

No cause of action.