In the Matter of the Claim of ALEXANDER SCHWARTZ, Respondent, against E. & G. SHEET METAL WORKS et al., Appellants, and T. G. EAGAN REFRACTORY ENGINEERING COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by E. & G. Sheet Metal Works and its insurance carrier from a decision of the State Industrial Board filed January 29, 1944, and an award against appellants. The appeal is taken upon the ground there were two accidents each contributing to the physical condition. Award reversed and matter remitted to the State Industrial Board for further consideration, without costs. Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur; Brewster, J., dissents, upon the ground that the decision appealed from in effect determined (1) that there was no causal relationship between claimant's experience which occurred on May 10, 1942, while at work for the respondent employer, upon which date appellants contend he sustained a further accidental injury, and his present disability, and (2) that claimant's disability is causally related to the accidental injury he sustained on February 6, 1939, while engaged in his regular work for the appellant employer. There is sufficient opinion evidence in the medical testimony to sustain the decision. The decision should be affirmed.

In the Matter of the Claim of HERBERT H. DEWEY, Respondent, against RURAL PUBLISHING CO., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— The alleged employer and its insurance carrier had appealed from an award of compensation in claimant's favor. The sole issue is whether or not claimant was an employee or an independent contractor. The State Industrial Board found that he was an employee. The evidence sustains the findings. Award affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 912.]

In the Matter of the Claim of ALBERT F. ASSMAN, Appellant, against LONG ISLAND RAILROAD COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board affirming the determination of the referee dismissing the claim of appellant upon the sole finding that the case comes within the provisions of the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*). Claimant suffered total disability from silicosis beginning September 22, 1943. The last work which he did from which silicosis could arise was in 1936. Under the United States statute employment by the Long Island Railroad from and after 1939 was interstate commerce and no compensation under the State law may be awarded. Thus it is necessary to find that disability occurred prior to the date when the Federal statute became effective in 1939. However, the man was working during the period. Under section 67 of the Workmen's Compensation Law an award may not be made for a disability which resulted more than a year after the last exposure. Decision affirmed, without costs. All concur.