## BRETSKY v. LEHIGH VALLEY R. R. CO.
No. 306, Docket 19790.

Circuit Court of Appeals, Second Circuit.
July 15, 1946.

Alexander & Green, of New York City (Herbert S. Ogden, of New York City, of counsel), for appellant.

Stephen A. Machcinski, of New York City (Herbert Zelenko and Harold L. Schwartz, both of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The sole question presented on this appeal is whether a certain decision and award

of the Pennsylvania Workmen's Compensation Board is res adjudicata.

The plaintiff, a tinsmith employed by the defendant railroad in the latter's locomotive repair shops at Ashmore, Pennsylvania, on November 19, 1940, was injured while repairing a dismantled locomotive. Subsequently, the plaintiff and the defendant entered into an agreement for disability compensation under and in conformity with the provisions of the Pennsylvania Workmen's Compensation Act. Public Law 338, June 2, 1915, as amended by Public Law 281, June 21, 1939, 77 P.S. § 1 et seq. Under this agreement the defendant paid to the plaintiff an agreed weekly sum until September 19, 1941, when, alleging that the plaintiff's disability had decreased by that time and later ceased, the defendant filed a petition with the Board to modify and terminate the agreement. On notice being duly sent by the Pennsylvania Department of Labor and Industry to the plaintiff and to the defendant and being duly received by each of them, the petition came on for hearing before a referee. In the meantime the plaintiff had instituted this suit to recover damages under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-60, alleging that he was engaged in interstate commerce at the time of his injury; and, at the hearing before the Pennsylvania referee, the plaintiff refused to participate therein, stating:

"By (counsel for plaintiff) : I would like to make a statement before testimony is taken. In behalf of Bretsky I desire to withdraw any application or any claim he may have for compensation. Mr. Bretsky has commenced suit against the Lehigh Valley Railroad in the United States District Court for the Southern District of New York. This action is now pending, and will probably be tried sometime in March or April. The action is based upon the Federal Employes [sic] Liability Act, which gives the employee the right to sue his employer for injuries sustained by him as the result of the employer's negligence. Under your various decisions and the Federal Employes [sic] Liability Act Federal Courts have sole jurisdiction in any case where interstate commerce is involved, and

we feel that this case is definitely an interstate commerce case, and for that reason this Board has no jurisdiction to hear or to hold any hearings or any power to make any decisions with respect to questions involving interstate commerce. I have a memorandum here I will be glad to submit. In one particular case I have cited here, page 4 of my memorandum, this was an action—

"By the Referee: I understand the Federal Court has exclusive jurisdiction in interstate commerce cases.

"By (counsel for defendant) : This is an agreement voluntarily entered into under which compensation in a substantial amount has been paid, and this is our Petition to Modify and Terminate that agreement. There is no question of jurisdiction."

The referee made no express finding on his jurisdiction, stating further, in reply to a request for a postponement, only that:

"By the Referee: I don't think we can do that. I think the rulings of our Courts is that these proceedings must go on regardless of any other procedure which may be pending and should be terminated one way or the other."

An award was duly entered on the referee's decision and the parties notified thereof. No appeal was taken and the time to appeal expired. The defendant's check for the amount of the award was delivered to the plaintiff but the plaintiff returned it, refusing to accept on the ground that his claim was based on the federal statute and that the award in Pennsylvania was invalid. At the trial of this action the defendant relied on the above award as a bar to this action on the ground of res judicata. From a judgment entered on the verdict of a jury in favor of the plaintiff after denial of this defense and of various motions based on the same contention, the defendant appeals.

If the injury were sustained by the plaintiff while he was engaged in interstate commerce, and the finding by the court below that it was is clearly correct, then, although federal and state courts have concurrent jurisdiction, the law applicable is exclusively the Federal Em-

ployers' Liability Act, 45 U.S.C.A. §§ 51–60; New York Central R. Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, L.R.A. 1918C, 439, Ann.Cas. 1917D, 1139. The Pennsylvania Compensation Board thus had no jurisdiction over the subject matter and no power in the premises.

■ However, the parties were before the Board; and if the question of jurisdiction had been raised and litigated, the final determination of that issue, even though erroneous, would be binding on the parties and not open to collateral attack. Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 84 L.Ed. 1263; Dennison v. Payne, 2 Cir., 293 F. 333, 341; see Restatement, Judgments (1942) § 10, and § 5, comment j. However, as is pointed out above, the referee made no express finding of fact on the issue of jurisdiction over the subject matter.

■■ In dealing with the decisions and judgments of courts of general jurisdiction, this failure to find facts in support of jurisdiction would not invalidate the judgment. See Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842, and cases cited at page 843, n. 2. Whether a state administrative decision is to be treated the same way or whether the question of jurisdiction is always open unless it is affirmatively shown in the record and decision is a matter of state law. See Hoffman v. New York, N. H. & H. R. R., 2 Cir., 74 F.2d 227, certiorari denied, 294 U.S. 715, 55 S.Ct. 513, 79 L.Ed. 1248.

■ But whether the Pennsylvania law is so strict against inferior tribunals as the Connecticut law was found to be in the Hoffman case, it is unnecessary to decide. The portions of the record quoted above indicate clearly that, although the issue was raised, the referee refused to pass on the question of jurisdiction over the subject matter because of some conception of compulsion in the Pennsylvania law requiring him to proceed regardless of jurisdiction. Thus there was no adjudication barring collateral attack on that decision; and the

defense and motions based upon it as res judicata were properly denied by the trial judge.

Affirmed.