BECKLEY v. ERIE RAILROAD CO.

DURYEE v. ERIE R. CO.

In re ERIE R. CO.
Civil Actions Nos. 24343, 24855.
Bankruptcy No. 45839.

District Court, N. D. Ohio, E. D.
March 15, 1948.

See also 76 F.Supp. 640.

No. 24343:

Robert H. Jamison, of Cleveland, and Raymond L. Wise, of New York City, for plaintiff.

M. C. Smith, Jr., T. H. Burgess, Robert M. Weh, John A. Hadden and John S. Beard, all of Cleveland, Ohio, for defendant.

No. 24855:

Eugene B. Schwartz and Frederick W. Frey, both of Cleveland, Ohio, and Walter T. Margetts, Jr., and Richard Buell, both of New York City, for plaintiff.

T. H. Burgess, Robert M. Weh and M. C. Smith, Jr., all of Cleveland, Ohio, for defendant.

No. 45839:

Ralph W. Chandless, of Hackensack, N. J., and Stephen H. Hazelwood, of Cleveland, Ohio, for Charles Massie, representing intervening bondholders.

WILKIN, District Judge.

These three cases came on for hearing on the motions of Erie Railroad Company to the Complaints in the first two cases, Nos. 24343 and 24855, for an order of dismissal and summary judgment or, in the alternative, an order specifying the facts that appear without substantial controversy and directing such further proceedings as might be just. The petition in the third case, No. 45839 In Bankruptcy, prays for an order declaring that Order No. 386 made in that case, does not enjoin and restrain petitioner from instituting and prosecuting on behalf of the bondholders he represents a suit or action to enforce rights claimed by said bondholders, or that said order No. 386 may be opened and modified so that the petitioner on behalf of such bondholders may prosecute against Erie Railroad Company in any court of competent jurisdiction any claim or right which they may appear to have. The petition in the last case was presented "as an alternative means of relief". Transcript of Proceedings, December 17, 1947, page 9. Counsel for the petitioner indicated at the hearing that petitioner would stand by to see what disposition was made of the two former cases and assert his claims only in case adequate relief should not be afforded under the Complaints. The motion for dismissal of the counterclaim of the defendant was also presented. There was oral argument, and briefs were subsequently filed for all parties in interest.

As to the Complaint of Waldo H. Beckley, No. 24343, the motion for order of dismissal and summary judgment is sustained on authority of Order No. 31 and Order No. 386, made by this court In the matter of Erie Railroad Company, Debtor, Bankruptcy No. 45839, and Section 77, sub. f, of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. f.

Conceding the essential allegations of fact in the Complaint to be true, still the court is unable to find any valid grounds for exonerating the plaintiff from the effect of Order No. 386 and the provisions of Section 77, sub. f of the Bankruptcy Act.

The petition for reorganization of Erie Railroad Company was filed January 18, 1938. The petition for reorganization of the New Jersey & New York Railroad was filed in the same court on June 30, 1938. Information as to the proceedings in this court thereafter was available to the plaintiff and to all bondholders of the New Jersey & New York Railroad. The important steps in the process of reorganization of Erie were duly and extensively advertised. A chronological statement of the proceedings follows:

January 18, 1938 — Erie Railroad Company filed petition under Section 77, by Mr. Denney, President.

May 7, 1938 — Messers. Denney and Hadden qualified as Trustees of Erie Railroad Company.

May 7, 1938 — Order No. 31—prescribed method of filing claims against Erie Railroad Company and set October 1, 1938 as final date for filing.

June 30, 1938 — Petition for reorganization of The New Jersey and New York Railroad Company in connection with and as part of Erie reorganization filed by Mr. Denney, as President.

September 2, 1938 — Messrs. Denney and Hadden qualified as Trustees of The New Jersey and New York Railroad Company.

October 1, 1938 — Time to file claims against Erie Railroad Company expired.

October 8, 1938 — Order No. 91—Prescribed method of filing claims against The New Jersey and New York Railroad Company and set December 31, 1938 as final date for filing.

October 18, 1938 — Creditors' plan of reorganization of Erie Railroad Company filed with I.C.C.

December 19, 1938 — Plan of Reorganization of Erie filed.

December 20, 1938 — Debtor's Plan of Reorganization filed with I.C.C.

December 30, 1940 — Plan of Reorganization of Erie approved.

June 16, 1941 — Confirmed Plan.

December 9, 1941 — Property and rights of New Jersey and New York Railroad Company vested in Peter Duryee as of January 1, 1942.

December 20, 1941 — Order No. 386—entry of "Bar" order.

January 1, 1942 — Peter Duryee, Trustee, took possession of The New Jersey & New York Railroad Company in New Jersey District Court proceedings.

April 10, 1946 — United States District Court for New Jersey approved report of Special Master on 21 (a) hearings.

September 28, 1946 — Complaint by Beckley filed.

January 16, 1947 — Trustee authorized by District Court to institute suit against Erie Railroad Company.

April 3, 1947 — Present suit commenced against Erie Railroad Company.

■ Order No. 275, approving the Plan of Reorganization filed December 30, 1940 in this court, recites in detail the various proceedings, notices and advertisements which preceded what has been referred to as the "Bar" Order No. 386. This court finds that the bondholders of the New Jersey & New York Railroad are chargeable with knowledge of what took place in this court with reference to the reorganization of the Erie Railroad. The essential allegations of the Complaint in this cause were known or should have been known to the plaintiff and to others for whom he sues, long prior to the institution of this action, and the court finds that they were guilty of laches in not asserting at a much earlier date the claims set out in the present Complaint.

■■ The Bankruptcy Act and the provisions for reorganization were passed for a definite and specific purpose, but that purpose cannot be realized if the discharge of debtors provided for in the Act is not complete and absolute. If courts should relax the provisions of the law and facilitate the assertion of old claims against discharged or reorganized debtors, the policy which the law expresses would thereby be defeated. In order to enjoy the benefits of the bankruptcy and reorganization statutes, the words of the Act must be strictly construed and the release from all prior obligations must be preserved. Creditors would not participate in reorganizations if they could not feel that the Plan is final. Courts have generally held that all creditors who had knowledge of bankruptcy proceedings are bound by the discharge of the debtor, even if they were not given specific notice and even though their claims were not filed, and Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, so provides.

Furthermore, it would be unjust and unfair to those who have accepted and acted upon a reorganization plan if the court were thereafter to re-open the Plan and change the conditions which were the basis of its earlier acceptance.

The Plan of Reorganization of Erie was filed in this court on December 19, 1938. Such Plan was filed with the Interstate Commerce Commission December 20, 1938. The Plan was approved in this court December 30, 1940, and on June 16, 1941 the Plan was confirmed. On December 20, 1941 the "Bar" Order No. 386 was entered. All parties were notified of all hearings and actions with reference to such Plan, and notices of such hearings and actions were published in the leading newspapers of the country. The bondholders of the New Jersey & New York Railroad are chargeable with knowledge; they were given every opportunity to know that the reorganization plan for Erie did not include the reorganization of the New Jersey & New York Railroad. The Complaint in this case was not filed until seven years after the filing of the Plan of Reorganization.

■ As to things complained of which occurred from June 30, 1938 down to date, the New Jersey & New York Railroad was under the control of the Trustees named by this court from September 2, 1938 to January 1, 1942 and from that date down to the present time has been under the control of Peter Duryee as Trustee appointed by the United States District Court of New Jersey. The control of the property of the New Jersey & New York Railroad was from June 30, 1938 down to date either with this court or with the United States District Court of New Jersey. This court cannot sustain an action against Erie Railroad Company which is based upon an operating agreement to which its Trustees were parties. The Complaint fails to state a claim upon which relief can be granted. Relief, if any were deserved, should have been sought first in the original proceedings.

■ As to the Petition of Charles Massie in No. 45839, the same reasons assigned above for sustaining the motion for summary judgment support the court's dismissal and denial of the petition. The petition was not filed in due time, and the petitioner and those for whom he acts are chargeable with knowledge of all the proceedings with reference to the reorganization of the Erie Railroad Company. It would be inequitable and unfair to those participating in the Reorganization Plan to re-open it now. The discharge of the Erie from all debts and obligations which were incurred or which arose prior to the confirmation of the Reorganization Plan is absolute. Petition denied and dismissed.

As to the Complaint of Peter Duryee, Trustee of the property of the New Jersey & New York Railroad Company, No. 24855, the court overrules grounds 1 and 2 of the motion for dismissal and summary judgment, and sustains part 3 of the motion.

■ In this case the Complaint alleges substantially the same facts as were set forth in the Complaint of Beckley in case No. 24343. But in this case there are two important differences from the Beckley case: (1) The plaintiff here sues as Trustee of the New Jersey & New York Railroad Company, his action having been authorized by the court of his appointment in New Jersey, and (2) the defendant in this action has filed a counterclaim. The Trustee who files the Complaint did not take possession of the New Jersey & New York Railroad until January 1, 1942 and was not authorized by the District Court of New Jersey to institute this suit against the Erie until January 16, 1947. The Trustee cannot be charged with laches for which the plaintiff and the petitioner in the former actions were responsible. Furthermore, if all that is said in the other two cases as to finality of the "Bar" Order No. 386 and the discharge of the Erie from all obligations prior to its reorganization is true and applicable as to claims of bondholders, the same would not be true or applicable as to the claims asserted by the Trustee, insofar as such claims of the Trustee might be a defense or set-off against the counterclaim of the Erie Railroad Company set forth in its answer and counterclaim.

■ The claim asserted by the Trustee against Erie is based upon allegations that an implied or constructive trust resulted from the management and control of the

New Jersey & New York Railroad by officers and agents of the Erie Railroad. It is based upon what has come to be known in the law as the "instrumentality" doctrine. Consolidated Rock Products Co. v. DuBois, 312 U.S. 510, 61 S.Ct. 675, 85 L.Ed. 982. This claim of the plaintiff Trustee was never asserted until a Complaint was filed by Beckley and by Peter Duryee, Trustee. The claim has never been adjudicated. It was not before this court in the Erie Reorganization proceedings and this court holds that it cannot now be asserted against the Erie Railroad Company generally or as a reason for reopening the Plan of Reorganization of the Erie. But, as indicated above, it may be asserted as a defense to the claim of the Erie against the New Jersey & New York Railroad Company.

■■ The counterclaim which the Erie asserts in its answer is based upon an account for cash advanced, freight interchanged, rent of passenger cars, loss and damage claims, and other miscellaneous charges resulting from the operation of the New Jersey & New York Railroad by the Erie Railroad. This claim has never been adjudicated, either. It was investigated by order of this court and a report was filed by William J. Morrison, Jr. The report was noticed for hearing before William L. West, Special Master, and was finally approved by this court. But of course that proceeding cannot be res judicata as to Peter Duryee, Trustee. In the order of this court investing Erie Railroad Company as reorganized, with all the property, rights, and interests of the debtor, the claim of the Erie Railroad set forth in its counterclaim passed to the defendant. But when the claim of a debtor is so transferred, it is transferred subject to the defenses and counterclaims which exist against it, subject to equitable set-off. 4 Collier (14) pp. 710-712; Cumberland Glass Co. v. DeWitt, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042; In re Mortman, D.C., 36 F.Supp. 897.

"In case of mutual debts, it is only the balance which is the real and just sum owing by or to the bankrupt." Prudential Ins. Co. v. Nelson, 6 Cir., 1939, 101 F.2d 441, 443.

It would be unjust and inequitable for this court to hold that the counterclaim asserted by the defendant is well pleaded and at the same time hold that the claims of the New Jersey & New York Railroad against the Erie cannot be set up by way of defense and set-off. On the other hand, it would be unjust and inequitable to allow the Trustee of the New Jersey & New York Railroad to assert a claim against the Erie Railroad and not allow the Erie to set up its counterclaim. When the District Court of New Jersey authorized the suit here by its Trustee it must have impliedly modified its former orders enjoining actions against the Trustee which are mentioned in the motion of the Trustee opposing the counterclaim of the Erie. From what has been said, it follows that the motion of Peter Duryee for dismissal of the defendant's counterclaim will be overruled.

The claim asserted by Peter Duryee, in his Complaint, and the counterclaim asserted by Erie Railroad Company in its answer have, as stated, not been adjudicated, and the court finds that there is a substantial controversy regarding the Complaint and the counterclaim and directs such further proceedings as will determine the validity of such claim and counterclaim and the just balance between them.

The court sets the case for pre-trial conference on Friday, April 2, 1948 at 10:00 a.m., when an effort will be made to clarify and simplify the issues, determine the court in which there should be further proceedings, i.e., whether in this court or the United States District Court of New Jersey, and also whether the issues for hearing and determination should be referred to a special master.