**MASSIE et al. v. ERIE R. CO.**
**No. 10575.**

United States Court of Appeals
Third Circuit.

Argued Feb. 21, 1952.

Decided April 21, 1952.

For Appellant: Ralph W. Chandless, Hackensack, N. J. (Chandless, Weller, Kramer, & Frank, Hackensack, N. J., on the brief).

For Appellee: Duane E. Minard, Newark, N. J. (Hobart, Minard & Cooper, Newark, N. J., on the brief).

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and HARTSHORNE, District Judge.

BIGGS, Chief Judge.

The plaintiffs appeal from an order granting summary judgment against them and in favor of Erie on June 13, 1951. The complaint, filed December 19, 1947, in the United States District Court for the District of New Jersey, alleged fraud and breach of fiduciary duty by Erie with respect to the assets of its subsidiary, the New York and New Jersey Railroad Company. Relief was sought by the plaintiffs on behalf of themselves and others similarly situated as general mortgage bondholders of New York and New Jersey Railroad Company.[1] We construe the complaint, as did the court below, as setting forth causes of action which arose prior to the entry of the bar order No. 386 in Erie's reorganization on December 20, 1941 by the United States District Court for the Northern District of Ohio, referred to at length hereafter.[2] There is no substantial allegation in the complaint which was not before the Ohio court in Massie's petition to reopen the Ohio proceedings. See notes 10 and 13, infra. The order of the court below granting summary judgment states that " * * * exclusive jurisdiction over the submatter [sic] and issues of the complaint filed herein is vested in the United States District Court for the Northern District of Ohio, Eastern Division, where plaintiff presented against defendant the same subject matter and issues in a petition filed December 9, 1947, in a proceeding therein pending for the reorganization of a railroad under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, entitled 'In the Matter of Erie Railroad Company, Debtor' * * * ". The court below concluded that "1. This Court is without jurisdiction over the subject matter of this action; 2. The complaint fails to state a claim upon which relief can be granted by this Court; 3.

---

1. The plaintiffs apparently rely upon the "parent-subsidiary" rules of Northern Pacific Ry. v. Boyd, 228 U.S. 482, 33 S. Ct. 554, 57 L.Ed. 931, and Consolidated Rock Co. v. DuBois, 312 U.S. 510, 61 S. Ct. 675, 85 L.Ed. 982. Jurisdiction was founded on diversity. The plaintiffs are citizens of New Jersey and the defendant is a New York corporation.

2. See for example paragraph 3(b) of the second count of the complaint. This alleges that Erie Railroad Company " * * * has left and continues to leave unpaid the taxes due to the State of New Jersey so that on the foreclosure of the liens therefor it may acquire such property clear of the rights and interests of all others." In effect this is an allegation of an overt act in a continuing conspiracy commencing prior to the entry of the bar order and continuing until the filing of the complaint in the court below on December 19, 1947.

The complaint also alleges, paragraph 5 of count 1, that Erie Railroad Co. was required by the bar order No. 386 " * * * to pay each and all unsecured claims against Erie Railroad Co. and the property and assets vested in Erie Railroad Co. in said order were made subject to a lien and charge thereon to secure the payment of the same." This does not give a cause of action which may be asserted in a plenary suit against Erie Railroad Co. The order of the United States District Court for the Northern District of Ohio was intended to effect and did effect a lien upon the assets of Erie for the benefit of claims asserted in the Ohio proceeding. It was for this reason that the Ohio bankruptcy court reserved jurisdiction in paragraph 56 of order No. 386.

The subject matter and the issues in this action are *res judicata* by reason of the judgment [of the Ohio court which on June 2, 1948 denied the petition of December 9, 1947]; 4. Summary judgment is hereby decreed and entered in this action in favor of the defendant and against the plaintiff. * * * " 3, 4

The judgment of the Ohio court denying Massie's petition was, as we have just stated, embodied in an order filed on June 2, 1948. This order, No. 442 in the Erie reorganization proceeding in the Ohio court, stated that "1. The petitioner, Charles Massie, is guilty of laches in the filing of said petition; 2. The petitioner, Charles Massie, and those whom he represents under Section 77 sub. f, *and under Order No. 386 entered herein* [described immediately hereinafter] *are barred as a matter of law from instituting and prosecuting any action of any nature in any court in relation to the matters and things set forth in the petition.*5 The Court therefore orders, adjudges and decrees that the petition of Charles Massie. be denied and the same is hereby dismissed." In its opinion the Ohio court stated that, "The petition was not filed in due time, and the petitioner and those for whom he acts are chargeable with knowledge of all the proceedings with reference to the reorganization of the Erie Railroad Company. It would be inequitable and unfair to those participating in the Reorganization Plan to re-open it now. The discharge of the Erie from all debts and obligations which were incurred or which arose prior to the confirmation of

the Reorganization Plan is absolute." In re Erie R. R. Co., D.C., 76 F.Supp. 635, 638. No appeal from the Ohio decision was taken by Massie 6 and the time for such an appeal has long since passed.

Order No. 386, referred to by the Ohio court in paragraph 2 of its order No. 442, was deemed by it to constitute a bar to Massie's prosecuting any actions based on the subject matter of his petition. Order No. 386 is a "closing" or "bar" order and is dated December 20, 1941. Order No. 386 states in pertinent part, "(55) From and after the Closing Time all persons, firms, and corporations * * * are hereby restrained * * * from * * * in any manner whatsoever disturbing [Erie Railroad] by reason or on account of any claim against or any interest in Erie Railroad Company which shall have been discharged under the Plan of Reorganization and this order *. * * " and "(56) This Court hereby reserves jurisdiction for all purposes necessary to put into effect and carry out this order and the Plan of Reorganization and any other orders entered by this Court relative thereto, * * * and for the purpose of taking any and all other action necessary to terminate this proceeding."

Massie's petition not only sought to re-open the Erie reorganization proceedings so as to assert therein liability under the parent and subsidiary rules, but more important in our view of this case the plaintiffs sought also to modify the closing order No. 386 so that a plenary suit such as the instant one could prevail in New Jersey.7, 8

3. The body of the order of the court below refers to "plaintiff" rather than "plaintiffs" throughout except where the judgment of the Ohio court is quoted in reference to "2. The petitioner, Charles Massie, and those whom he represents * * *." There is no doubt, however, that a final dismissal of the complaint and summary judgment was ordered in favor of the defendant against all the parties.

4. There was no opinion.

5. Emphasis supplied.

6. Duryee, trustee of the property of the New York and New Jersey Railroad had also brought suit against Erie asking that

the debts of New York and New Jersey be declared debts of Erie as well. The trustee's contentions were considered by the Ohio court at the same time it heard Massie's. See Duryee v. Erie R. Co., D. C., 76 F.Supp. 635. On appeal by Duryee to the Sixth Circuit the judgment of the District Court that its closing order No. 386 was a bar to plenary suits based on matters that could have been presented before this order, was affirmed. 175 F.2d 58.' Certiorari was denied, 338 U.S. 861, 70 S.Ct. 103, 94 L.Ed. 527.

7. "4. * * * The bondholders, whom the petitioner represents, have been advised that they are entitled to recover from the said Erie Railroad Company

As we have shown the Ohio court specifically ruled that its order No. 386 retaining jurisdiction was a bar to any suit based upon the matters set forth in the petition and concluded as a result that the petitioner and those he represents could not "prosecute any action of any nature in any court in respect to the matters and things set forth in the petition."

From the foregoing it is plain that if the subject matter of the instant suit is the same as that contained in the Ohio petition the plaintiffs are here appealing a summary judgment granted against them in a suit which they asked leave to prosecute, but the prosecution of which was flatly ruled illegal in an order of the Ohio court which reaffirmed its retention of jurisdiction.[9] Moreover the order was one which the plaintiffs did not see fit to appeal. We have no doubt that the court below was correct in its conclusion that the plaintiffs were endeavoring to prosecute in the court below the same matters urged in the Ohio petition.[10] Fraud was alleged in each instance and in each court, with the result that the allegations as well as the matters of fact relied on are the same. Moreover, the plaintiffs nowhere contend that the conclusion of the court below in this respect was incorrect.[11] We conclude that the Ohio order No. 442 is a specific decision

and its officers and directors the damages sustained by them and in order to effectuate such recovery they desire to bring an appropriate action in the United States District Court or in the state courts of New Jersey, of which state the New Jersey and New York Railroad Company is a corporation and in which jurisdiction the evidence and witnesses required for the prosecution of such suit are available, but Erie Railroad Company claims that in order to do so it will be necessary to obtain a modification of the terms of Order #386 made in the above entitled matter."

"6. If the said order #386 bars and enjoins the above mentioned proposed suit or action for the benefit of the bondholders whom the petitioner represents, your petitioner respectfully submits that said order should be modified and amended to permit said suit on the equitable ground that the same was entered in error and by mistake and would otherwise protect a fraud perpetrated by the Erie Railroad Company and its officers and agents on the New Jersey and New York Railroad Company and its creditors."

"Wherefore, your petitioner prays that this Honorable Court, may make an order declaring and determining that Order #386 made in the above entitled matter was not intended to and does not enjoin and restrain petitioner from instituting and prosecuting on behalf of the bondholders he represents in any court of competent jurisdiction any suit or action which may seem appropriate to protect and enforce any rights which he or said bondholders may have in relation to the matters and things aforementioned or if, in the opinion of this Honorable Court, the said Order #386 was intended and presently does bar and enjoin such suit

or proceeding, then that this court may make an order under its general equitable powers, for the causes aforementioned, opening and modifying the said Order #386 and authorizing the petitioner, on behalf of the bondholders he represents and any and all others similarly situated, to prosecute against Erie Railroad Company in any court of competent jurisdiction any claim or right it may appear to them they have; or, for such other relief as may be proper."

8. The position of the plaintiffs was and is that they were entitled to pursue, presumably to but one satisfaction, both the remedy of reopening the Erie reorganization in Ohio so that claims against Erie might be asserted therein and the remedy of a plenary suit against Erie in New Jersey. The Brief for Plaintiffs-Appellants, p. 5, states that, "The bondholders availed themselves of both their remedies. Massie filed a petition in the Ohio court seeking leave to reopen the Erie proceedings and the plaintiffs simultaneously instituted the present suit in the District of New Jersey."

9. It is true that the instant suit was filed before decision upon the Ohio petition. The Ohio court, however, decided that "prosecution" as well as institution of suit was impossible.

10. Compare for similarity the allegations of paragraphs 2, 1, 3, 3, 7 and 5 and 7 of the Ohio Petition respectively with the matters alleged in paragraphs 6, 7, 7, 7, 8 and 10 of the New Jersey Complaint. If the comparisons be made it will be found that the allegations are either identical or substantially similar.

11. The Affidavit of Ralph W. Chandless, Counsel for the plaintiffs, on Defendant's

that the present action was not cognizable in the court below because jurisdiction was retained in the Ohio court by virtue of its order No. 386.

■ It is thus apparent that the controlling question in the suit at bar has already been litigated, and at the plaintiffs' instance. The question, of course, was whether the present action in the court below could be legally enjoined by the Ohio bankruptcy court. The Ohio court decided, with the present parties before it, that its bankruptcy jurisdiction did exist as a bar to an action such as this.[12] In this circumstance we need not pause to inquire whether the conclusion of the Ohio court was correct, for correct or not its decision as to its exclusive jurisdiction is *res judicata* in the court below and here. See Restatement, Judgments § 10, Comment and Illustrations. Cf. Bretsky v. Lehigh Valley R. R. Co., 2 Cir., 156 F.2d 594, 596. The plaintiffs' remedy was by way of appeal from the Ohio decision rendered against them. In Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 518, 75 L.Ed. 1244, it was decided that a United States District Court's adjudication of jurisdiction is *res judicata* of that question in another District Court despite the fact that the defendant appeared specially to question jurisdiction in the proceeding in the District Court first referred to. The only substantial difference between that case and the present suit is that here the plaintiffs sought, rather than contested, the initial determination of the court's power. In Baldwin Mr. Justice Roberts stated for the unanimous Court, "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried

shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and has been fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." 283 U.S. 522, 525–526, 51 S.Ct. 518. In Gardner v. New Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 472, 11 L. Ed. 504, the Court stated that, "It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. Wiswall v. Campbell, 93 U.S. 347, 351, 23 L.Ed. 923."

Even, however, if the doctrine of *res judicata* be deemed to be inapplicable to the facts of the case at bar it is obvious that the plaintiffs may not be permitted to continue their plenary suit in the court below. It is clear that in enacting Section 77 of the Bankruptcy Act Congress intended the United States court which had and has jurisdiction of a railroad reorganization proceeding to pass upon every phase of that proceeding. To permit other courts to interfere with the reorganization by adjudication of causes of action arising prior to a bar order is to invite chaos and to render Section 77 substantially inoperative. The plaintiffs did not appeal from the decision of the Ohio court. They may reply that they watched the trustee of New Jersey and New York Railroad Company pursue substantially the same cause of action which they asserted later and that his appeal was ineffectual. But this is not an answer. Claims based on causes of action arising prior to the filing of the bar order No. 386 must be adjudicated in the Ohio pro-

---

Motion to Dismiss, and for Summary Judgment, paragraph 6, points out that the New Jersey complaint does not seek modification of order No. 386 of the Ohio court. This of course was to be expected, and we think it significant that it is the only difference between the two pleadings selected.

12. It is of course essential to *res judicata*

that the court which makes the initial decision as to the controversy between the parties have power to do so. But the Ohio bankruptcy court, although it may not have been the only court able to do so, certainly was competent to determine the scope and validity of its own closing order. The Ohio court was the proper one in which to seek modification of that order.

ceeding if they are to be adjudicated at all.[13]

The judgment of the court below will be affirmed.

13. In this connection it should be noted that in the Minard affidavit filed on behalf of Erie Railroad Company it is alleged that Massie's attorney acting on his behalf individually and in a representative capacity, prepared and filed in the Erie reorganization proceeding in the Ohio court a petition against " * * * Erie Railroad Company containing the same allegations, issues and prayers for relief as those set forth in the complaint filed by plaintiff's present attorney on behalf of plaintiff in this action." The correctness of those statements is admitted by the Chandless affidavit, he being Massie's attorney.